Ben F. Pierce Gore
PIERCE GORE LAW FIRM, PC
315 Montgomery Street
10th Floor
San Francisco, CA 94104
(408) 806-4600
piercegore@gmail.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD P. LAKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROWDY BEVERAGE, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Gerald P. Lake, through the undersigned attorneys, brings this lawsuit against Defendant Rowdy Beverage, Inc. ("Defendant") as to Plaintiff's own acts upon personal knowledge, and as to all other matters upon information and belief.

## SUMMARY OF THE CASE

1. Plaintiff alleges that Defendant's misbranding caused Plaintiff and the proposed class injury and damages. The label on Defendant's Rowdy energy drinks (the "Products") are unlawful, misleading, deceptive, unfair and/or fraudulent because the labels affirmatively represent that the products contain "*No Preservatives*" but in reality, they contain at least two added synthetic and artificial ingredients known to be preservatives, citric acid and/or ascorbic acid. The labels on the Products violate California's Sherman Law and lead reasonable consumers to believe that the Products do not contain preservatives.

2.      Plaintiff reviewed the label before purchase, reasonably relied in substantial part on this language, and was thereby deceived, in deciding to purchase at least one variety of the Products.  Plaintiff did not know, and had no reason to know, that Defendant's label was unlawful, false, and misleading.  Had Plaintiff and other consumers known that the Products did contain preservatives, they would not have purchased the products. Therefore, Plaintiff and other consumers have suffered injury in fact as a result of Defendant's deceptive practices.

3.      To remedy the harm arising from Defendant's illegal conduct, which has resulted in unjust profit to Defendant, Plaintiff brings this class action lawsuit on behalf of Plaintiff and a class of consumers who, since November 1, 2019 (the "Class Period"), purchased one or more of the Products labeled "*No Preservatives*" but which listed the artificial preservative citric acid and/or ascorbic acid as ingredients.

4.      Plaintiff seeks damages, restitution, declaratory and injunctive relief, and all other remedies this court deems appropriate.

**PARTIES**

5.      Plaintiff is a California resident, citizen who bought Defendant's Pink Lemonade, Sugar Free, 12 Fl Oz, 12 pack during the Class Period.  Plaintiff lives in this judicial district.

6.      Defendant is a company with its headquarters in San Diego, California.  Defendant is authorized to do business in California, and conducts substantial business in California, by selling its products to consumers through grocery stores, online and in other retail outlets throughout California and the United States.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from Defendant.

8.      This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the laws and benefits of doing business in this State, and Plaintiffs'

1  claims arise out of Defendant's forum-related activities. Furthermore, a substantial portion of the

2  events giving rise to Plaintiffs' claims occurred in this District.

3        9.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action

4  because a substantial part of the events, omissions, and acts giving rise to the claims herein

5  occurred in this District.

6  **FACTUAL ALLEGATIONS**

7        10.    At all relevant times, Defendant has manufactured, packaged, labeled,

8  distributed, marketed, advertised, and sold its Products throughout California and the

9  United States.  The Products are sold at grocery stores, online, and other retail outlets.

10        11.    The Products labels all state "*No Preservatives*" in the same location on the label,

11  in the same size, and in the same font.  It even states on the Defendant's website:

12



12.     The Product labels all list citric acid and ascorbic acid in the ingredient list.

## Ingredients ⌄

Carbonated Water, Erythritol, Power Burn Energy Blend [L-Citrulline, L-Arginine-Hydrochloride, L-Glutamine, Natural Caffeine from Green Tea, L-Theanine, Green Coffee Bean Extract, Guarana Extract, Ascorbic Acid (Vitamin C), Niacinamide (Vitamin B3), Pyridoxine Hydrochloride (Vitamin B6), Cyanocobalamin (Vitamin B12)], Natural Flavor, Citric Acid, Potassium Citrate, Gluconic Acid, Malic Acid, Gum Arabic, Stevia Extract, Magnesium Oxide, Monk Fruit Extract.

13.     During the Class Period, Plaintiff spent more than $25.00 on the Products.

14.     Plaintiff purchased the Products during the Class Period.  As stated previously, Defendant's Products were labeled "*No Preservatives*" and listed citric acid and ascorbic acid in the ingredient list.

15.     The FDA defines a chemical preservative as "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or herbicidal properties." 21 C.F.R. §101.22(a)(5).

16.     In its "Overview of Food Ingredients, Additives & Colors," the FDA describes the use of citric acid and ascorbic acid as preservatives.[1]  Under the "What They Do" table heading, the FDA elaborates that preservatives help "prevent food spoilage from bacteria, molds, fungi or yeast (antimicrobials); slow or prevent changes in color, flavor, or texture and delay rancidity (antioxidants); [and] maintain freshness."[2]

17.     The FDA's view of these acids is exemplified in a Warning Letter that it sent to Chiquita Brands International, Inc., indicating that Chiquita's "Pineapple Bites" products were misbranded within the meaning of section 403(k) of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 343(k), because "they contain the chemical preservatives ascorbic acid and citric acid but their

---

[1] *See Overview of Food Ingredients, Additives, and Colors*, FDA (2018), https://www.fda.gov/food/food-ingredients-packaging.

[2] *Id.*

representations/statements fail to declare these preservatives with a description of their functions."[3]

18.    Citric acid functions in beverages as a preservative by serving as an acidulant and as an indirect antioxidant. Citric acid infiltrates and weakens or kills microorganisms through direct antimicrobial effect, lowering a juice product's pH level, thereby combatting and sequestering microorganisms. Citric acid serves these functions regardless of whether it is being added as a flavoring agent.[4]

19.    Food preservatives are classified into two main groups: antioxidants and antimicrobials.  Food scientists agree that the chemical properties of citric acid make it a preservative. Specifically, citric acid is classified as an antioxidant that delays or prevents the deterioration of foods by so-called oxidative mechanisms.[5]

20.    Citric acid acts as an antioxidant via two processes, inhibiting enzymes and chelating metals. Certain enzymes naturally exist in food products that oxidize and breakdown the food products' molecules. Citric acid deactivates these enzymes, thereby functioning as a preservative.[6] Citric acid also chelates metal ions, which stabilizes and preserves food products by bonding certain molecules in food products to centrally located metal atoms.[7]  Citric acid also has antimicrobial properties and directly inhibits the growth of some bacteria and mold.[8]  This is yet another reason why food scientists classify citric acid as a preservative.[9]

---

[3] FDA, Warning Letter to Chiquita Brands International, Inc. and Fresh Express Incorporated (Oct. 6, 2010), available at https://wayback.archiveit.org/7993/20170112194314/http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2010/ucm228663.htm.

[4] Deman, John M. "*Acids as food additives serve a dual purpose, as acidulants and as preservatives*." Principles of food chemistry. AVI Publishing Co., Inc., 1999, p. 438.

[5] *Preservatives*, BRITTANICA, https://www.britannica.com/topic/preservative.

[6] *Id.*

[7] P. Davidson et al., *Chapter 20: Antimicrobial Agents*, in FOOD ADDITIVES, at 592 (A. Larry Branen et al. eds., Marcel Dekker, Inc. 2d ed. 2002).

[8] L. Su et al., *Study on the Antimicrobial Properties of Citrate-Based Biodegradable Polymers*, FRONTIERS IN BIOENGINEERING AND BIOTECHNOLOGY, 2, 23. https://doi.org/10.3389/fbioe.2014.00023.

[9] *Citric Acid Compound Summary*, NAT'L CTR. FOR BIOTECHNOLOGY INFO., https://pubchem.ncbi.nlm.nih.gov/compound/Citric-acid

21.     The food industry recognizes citric acid functions as a preservative. For example, one food additives supplier states: "Citric acid is the most commonly used acidulant in the industry. As a food additive or food grade product, citric acid is used as a flavoring and preservative. The buffering properties of citrates are used to control pH and flavor."[10]

22.     Citric acid functions as a preservative in the Products, and this is true regardless of Defendant's subjective purpose or intent for adding it to the Products, such as to impart flavor.[11]

23.     Additionally, Defendant also includes ascorbic acid as an ingredient in its Products. Ascorbic acid is a chemically modified form of vitamin C, which, pursuant to FDA regulations, is commonly used in foods as a preservative. 21 C.F.R. § 182.3013.  Ascorbic acid, like citric acid, functions as an antioxidant that helps prevent microbial growth and oxidation in food products, thereby preserving their color and freshness. Although Defendant identifies ascorbic acid as a source of vitamin C, they do so within the ingredient list of the Products rather than their nutritional facts panel—thus falling outside the ambit of FDA regulations. 21 C.F.R. § 101.9(c)(8)(v).

24.     Both ascorbic acid and citric acid can function as preservatives even when used only in small amounts.[12]

25.     Even if the citric acid and ascorbic acid within the Products do not, in fact, function as a preservative in the Products, they nonetheless qualify as preservatives given that they have the capacity or tendency to  do so. *See* 21 C.F.R. §101.22(a)(5) (defining preservatives as "any chemical that, when added to food, *tends* to prevent or retard deterioration") (emphasis added); *see also* Merriam-Webster's Dictionary (defining "preservative" as "something that

---

[10] FBC Industries, Inc., Citrates, https://fbcindustries.com/citrates/

[11] *Citric Acid* in KIRK-OTHMER FOOD & FEED TECH., at 262 (John Wiley & Sons, 2007); L. Somogyi, *Chapter 13: Direct Food Additives in Fruit Processing,* in PROCESSING FRUITS: SCI. & TECH., at 302 (D. Barrett et al. eds., CRC Press 2d ed. 2004); M. Abd-Elhady, *Effect of citric acid, calcium lactate and low temperature prefreezing treatment on the quality of frozen strawberry*, 59 ANNALS OF AGRIC. SCIS., 69-75 (2014); J. deMan, *Chapter 11: Additives and Contaminants*, in PRINCIPLES OF FOOD CHEMISTRY, at 438 (AVI Publishing Co., Inc. 3d ed. 1999) ("Acids as food additives serve a dual purpose, as acidulants and as preservatives").

[12] See Doores, S., 1993., *Antimicrobials in Food CRC Press*, pp. 95-136. http://base.dnsgb.com.ua/files/book/Agriculture/Foods/Antimicrobials-in-Food.pdf

preserves or has the power of preserving.");[13] Oxford English Dictionary (defining "preservative" as "[t]ending to preserve or *capable* of preserving") (emphasis added).[14]

26.     The FDA considers citric acid and ascorbic acid to be chemical preservatives. For example, an October 6, 2010, Warning letter from the FDA to Chiquita Brands describes both citric acid and ascorbic acid as chemical preservatives.

27.     Citric acid and ascorbic acid are synthetic and artificial preservatives that are both manufactured in a highly industrialized process.

28.     After Plaintiff learned that Defendant's Products were falsely labeled, Plaintiff stopped purchasing the Products.

29.     As a result of Defendant's false and misleading misrepresentations, Plaintiff, and thousands of others in California and throughout the United States purchased Defendant's Products.

30.     Manufacturers are required to comply with identical California and federal laws and regulations that govern the labeling of products.  The federal regulations are contained in the Food, Drug & Cosmetic Act ("FDCA"), 21 C.F.R. § 101 *et seq*.

31.     California has also enacted a number of laws and regulations that adopt and incorporate specific enumerated federal labeling laws and regulations.  Defendant's use of "*No Preservatives*" claims on products containing synthetic preservatives violate the Sherman Law, California Health & Safety Code § 110660 because such label claims are "false and misleading." Section 110660 is identical to the prohibition in 21 U.S.C. § 343(a) against labeling that is "false or misleading in any particular."

32.     Defendant has nonetheless falsely labeled its Products as having "*No Preservatives*" when its Products actually contain citric acid and ascorbic acid.

33.     A reasonable consumer would expect that when Defendant labels its Products as "*No Preservatives*" the product's ingredients would not contain ingredients known to be synthetic preservatives.

---

[13] *Preservative*, Merriam-Webster Dictionary, https://www.merriam-webster.com

[14] *Preservative*, American Heritage Dictionary, https://ahdictionary.com

34.     Plaintiff and the Class are reasonable consumers and were thus misled into purchasing Defendant's Products with the ingredient citric acid and ascorbic acid that are preservatives unlike how it is falsely represented on Products' labeling.

35.     Defendant violated California Health & Safety Code § 110660 because its labeling is false and misleading.

36.     Defendant sold Products in California during the Class Period.

37.     Plaintiff and the Class purchased the Products that they would not have purchased, had they known that the Products contain ingredients known to be preservatives.

38.     Defendant received unlawful profits as a result of its distribution of misbranded Products.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following "Class":

> All citizens in the United States, or alternatively California, who, since November 1, 2019 (the "Class Period"), purchased Defendant's Products labeled "*No Preservatives*" but contain citric acid and/or ascorbic acid.

40.     The following persons are expressly excluded from the Class: (1) Defendant and its subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

41.     This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

42.     It is estimated that the Class numbers in the thousands, and that joinder of all Class members is impracticable.

43.     This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members.  Thus, proof of a common set of facts will establish the right of each Class member to recover.  Questions of law and fact common to each Class member include:

a.      Whether Defendant engaged in unfair or deceptive business practices by failing to properly package and label Products sold to consumers;

b.      Whether Defendant made false and misleading "*No Preservatives*" claims with respect to their Products sold to consumers;

c.      Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., the Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq*., California Civ. Code § 1790, *et seq*., 15 U.S.C. § 2301, *et seq*., and the Sherman Law;

d.      Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief; and

e.      Whether Defendant's unlawful, unfair and/or deceptive practices harmed Plaintiff and the Class.

44.     Plaintiff's claims are typical of the claims of the Class because Plaintiff bought Products during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concern the same business practice described herein irrespective of where they occurred or were experienced.  Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct in violation of California law.  The injuries of each member of the Class were caused directly by Defendant's wrongful conduct.  In addition, the factual underpinning of Defendant's misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

45.     Plaintiff will fairly and adequately protect the interests of the Class.  Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class members.  Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and those of the members of the Class.  Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate

1   this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class

2   members and will diligently discharge those duties by vigorously seeking the maximum possible

3   recovery for the Class.

4          46.     There is no plain, speedy or adequate remedy other than by maintenance of this

5   class action.  The prosecution of individual remedies by members of the Class will tend to

6   establish inconsistent standards of conduct for Defendant and result in the impairment of Class

7   members' rights and the disposition of their interests through actions to which they were not

8   parties.  Class action treatment will permit a large number of similarly situated persons to

9   prosecute their common claims in a single forum simultaneously, efficiently and without the

10  unnecessary duplication of effort and expense that numerous individual actions would engender.

11  Further, as the damages suffered by individual members of the Class may be relatively small, the

12  expense and burden of individual litigation would make it difficult or impossible for individual

13  members of the Class to redress the wrongs done to them, while an important public interest will

14  be served by addressing the matter as a class action.  Class treatment of common questions of law

15  and fact would also be superior to multiple individual actions or piecemeal litigation in that class

16  treatment will conserve the resources of the Court and the litigants and will promote consistency

17  and efficiency of adjudication.

18         47.     The prerequisites to maintaining a class action for injunctive or equitable relief are

19  met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby

20  making appropriate final injunctive or equitable relief with respect to the Class as a whole.

21         48.     The prerequisites to maintaining a class are met as questions of law or fact

22  common to class members predominate over any questions affecting only individual members,

23  and a class action is superior to other available methods for fairly and efficiently adjudicating the

24  controversy.

25         49.     Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be

26  encountered in the management of this action that would preclude its maintenance as a class

27  action.

28

1

## CAUSES OF ACTION

2

**Violation of Business and Professions Code § 17200, *et seq.***
**Unlawful Business Acts and Practices**

3

4

50.     Plaintiff incorporates by reference each allegation set forth above.

51.     Defendant's conduct as set forth herein constitutes unlawful business acts and

5

practices.

6

52.     Defendant is a corporation and, therefore, a "person" within the meaning of the

7

Sherman Law.

8

9

53.     Defendant's business practices are unlawful under § 17200, *et seq*. by virtue of

10

Defendant's violations of § 17500, *et seq.*, which forbids untrue and misleading advertising.

54.     Defendant's business practices are unlawful under § 17200, *et seq*. by virtue of

11

Defendant's violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

12

55.     Defendant's unlawful business acts present a threat and reasonable continued

13

likelihood of injury to Plaintiff and the Class.

14

56.     As a result of Defendant's conduct, Plaintiff and the Class, pursuant to Business

15

and Professions Code § 17203, are entitled to an order enjoining such future conduct by

16

Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's

17

net profits from the sale and distribution of Products in California during the Class Period.

18

**Violation of Business and Professions Code § 17200, *et seq.***
**Unfair Business Acts and Practices**

19

20

57.     Plaintiff incorporates by reference each allegation set forth above.

21

58.     Defendant's conduct as set forth herein constitutes unfair business acts and

22

practices.

23

59.     Plaintiff and members of the Class suffered a substantial injury by virtue of buying

24

Defendant's Products that they would not have purchased absent Defendant's illegal conduct.

25

60.     Defendant's deceptive marketing, advertising, packaging and labeling of their

26

Products and their sale of Products caused harm to both consumers and competition and is

27

substantial.

28

61.     Plaintiff and the Class who purchased Defendant's Products had no way of reasonably knowing that the products were not properly marketed, advertised, packaged and labeled, and thus could not have reasonably avoided the injury each of them suffered.

62.     The consequences of Defendant's conduct as set forth herein outweigh any justification, motive or reason, therefore.  Defendant's conduct is and continues to be immoral, unethical, unscrupulous, contrary to public policy, and is substantially injurious to Plaintiff and the Class.

63.     As a result of Defendant's conduct, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's net profits from the sale and distribution of Products in California during the Class Period.

**Violation of Business and Professions Code § 17200, *et seq.*
Fraudulent Business Acts and Practices**

64.     Plaintiff incorporates by reference each allegation set forth above.

65.     Defendant's conduct as set forth herein constitutes fraudulent business practices under California Business and Professions Code sections § 17200, *et seq.*

66.     Defendant's misleading marketing, advertising, packaging and labeling of the Products were likely to deceive reasonable consumers, and in fact, Plaintiff and members of the Class were deceived.  Defendant has engaged in fraudulent business acts and practices.

67.     Defendant's fraud and deception caused Plaintiff and the Class to purchase Products that they would otherwise not have purchased had they known the true nature of those products.

68.     As a result of Defendant's conduct, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's net profits from the sale and distribution of Products in California during the Class Period.

**Violation of Business and Professions Code § 17500, *et seq.*
Misleading and Deceptive Advertising**

69.     Plaintiff incorporates by reference each allegation set forth above.

1    70.    Plaintiff asserts this cause of action for violations of California Business and

2    Professions Code § 17500*, et seq.* for misleading and deceptive advertising against Defendant.

3    71.    Defendant engaged in a scheme of offering Defendant's Products for sale to

4    Plaintiff and members of the Class by way of, *inter alia*, product packaging and labeling.  The

5    labels misrepresented and/or omitted the true contents and nature of Defendant's Products.

6    Defendant's advertisements and inducements were made within California and come within the

7    definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that

8    such product packaging and labeling were intended as inducements to purchase Defendant's

9    Products and are statements disseminated by Defendant to Plaintiff and the Class that were

10   intended to reach members of the Class.  Defendant knew, or in the exercise of reasonable care

11   should have known, that its labels were misleading and deceptive as set forth herein.

12   72.    In furtherance of its plan and scheme, Defendant prepared and distributed within

13   California label statements that misleadingly and deceptively represented the composition and the

14   nature of Defendant's Products.  Plaintiff and the Class necessarily and reasonably relied on

15   Defendant's materials and were the intended targets of such representations.

16   73.    Defendant's conduct in disseminating misleading and deceptive statements in

17   California to Plaintiff and the Class was and is likely to deceive reasonable consumers by

18   obfuscating the true composition and nature of Defendant's Products in violation of the

19   "misleading prong" of California Business and Professions Code § 17500, *et seq.*

20   74.    As a result of Defendant's violations of the "misleading prong" of California

21   Business and Professions Code § 17500, *et seq.*, Defendant has been unjustly enriched at the

22   expense of Plaintiff and the Class.  Plaintiff and the Class, pursuant to Business and Professions

23   Code § 17535, are entitled to an order enjoining such future conduct by Defendant, and such

24   other orders and judgments which may be necessary to disgorge Defendant's net profits from the

25   sale and distribution of Products in California during the Class Period.

26   **Violation of Business and Professions Code § 17500, *et seq.***
     **Untrue Advertising**

27

28   75.    Plaintiff incorporates by reference each allegation set forth above.

76.     Plaintiff asserts this cause of action against Defendant for violations of California Business and Professions Code § 17500, *et seq.*, regarding untrue advertising.

77.     Defendant engaged in a scheme of offering Defendant's Products for sale to Plaintiff and the Class by way of product packaging and labeling, and other promotional materials.  These materials misrepresented and/or omitted the true contents and nature of Defendant's Products.  Defendant's advertisements and inducements were made in California and throughout the United States and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that the product packaging and labeling, and promotional materials were intended as inducements to purchase Defendant's Products, and are statements disseminated by Defendant to Plaintiff and the Class.  Defendant knew, or in the exercise of reasonable care should have known, that these statements were untrue.

78.     In furtherance of its plan and scheme, Defendant prepared and distributed in California and nationwide via product packaging and labeling, and other promotional materials, statements that falsely advertise the composition of Defendant's Products, and falsely misrepresented the nature of those products.  Plaintiff and the Class were the intended targets of such representations and would reasonably be deceived by Defendant's materials.

79.     Defendant's conduct in disseminating untrue advertising throughout California deceived Plaintiff and members of the Class by obfuscating the contents, nature and quality of Defendant's Products in violation of the "untrue prong" of California Business and Professions Code § 17500.

80.     As a result of Defendant's violations of the "untrue prong" of California Business and Professions Code § 17500, *et seq.*, Defendant has been unjustly enriched at the expense of Plaintiff and the Class.  Misbranded products cannot be legally sold or held and are legally worthless. Plaintiff and the Class paid a premium price for the Products.

81.     Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's net profits from the sale and distribution of Products sold in California during the Class Period.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Violation of Consumers Legal Remedies Act,**
**Cal. Civ. Code §1750, *et seq.***

82.     Plaintiff incorporates by reference each allegation set forth above.

83.     This cause of action is brought pursuant to the CLRA.  Defendant's violations of the CLRA were and are willful, oppressive and fraudulent, thus supporting an award of punitive damages.

84.     Plaintiff and the Class are entitled to actual and punitive damages against Defendant for its violations of the CLRA.  In addition, pursuant to Cal. Civ. Code § 1782(a)(2), Plaintiff and the Class are entitled to an order enjoining the above-described acts and practices, providing restitution to Plaintiff and the Class, ordering payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court pursuant to Cal. Civ. Code § 1780.

85.     Defendant's actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

86.     Plaintiff and members of the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code §1761(d).

87.     Defendant's Products were and are "goods" within the meaning of Cal. Civ. Code §1761(a).

88.     By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(5), of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it misrepresents the particular ingredients, characteristics, uses, benefits and quantities of the goods.

89.     By engaging in the conduct set forth herein, Defendant violated and continues to violate Section 1770(a)(9) of the CLRA, because Defendant's conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it advertises goods with the intent not to sell the goods as advertised.

90.     Plaintiff requests that the Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code § 1780(a)(2).  If

1   Defendant is not restrained from engaging in these practices in the future, Plaintiff and the Class

2   will continue to suffer harm.

3        91.     Pursuant to Section 1782(a) of the CLRA, prior to filing this Complaint, Plaintiff's

4   counsel served Defendant with notice of violations of the CLRA.

5        92.     Defendant has failed to provide appropriate relief for its violations of the CLRA

6   within 30 days of its receipt of the CLRA demand notice.  Accordingly, pursuant to Sections

7   1780 and 1782(b) of the CLRA, Plaintiff is entitled to recover actual damages, punitive damages,

8   attorneys' fees and costs, and any other relief the Court deems proper.

9        93.     Plaintiff will demonstrate that the violations of the CLRA by Defendant were

10  willful, oppressive, and fraudulent, thus supporting an award of punitive damages.

11       94.     Consequently, Plaintiff and the Class will be entitled to actual and punitive

12  damages against Defendant for its violations of the CLRA.  In addition, pursuant to Cal. Civ.

13  Code § 1782(a)(2), Plaintiff and the Class will be entitled to an order enjoining the above-

14  described acts and practices, providing restitution to Plaintiff and the Class, ordering payment of

15  costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court

16  pursuant to Cal. Civ. Code § 1780.

17                              **Unjust Enrichment**

18       95.     Plaintiff incorporates by reference each allegation set forth above.

19       96.     As a result of Defendant's fraudulent and misleading labeling, advertising,

20  marketing and sales, Defendant was unjustly enriched at the expense of Plaintiff and the Class.

21  Defendant realized net profits from the sale and distribution of misbranded Products in California

22  during the Class Period.

23       97.     It would be against equity and good conscience to permit Defendant to retain the

24  ill-gotten benefits it received from Plaintiff and the Class, in light of the fact that the products

25  were not what Defendant purported them to be.  Thus, it would be unjust and inequitable for

26  Defendant to retain net profits from the sale and distribution of misbranded Products in California

27  during the Class Period, without disgorging those net profits.

28

98.     As a direct and proximate result of Defendant's actions, Plaintiff and the Class have suffered damages in an amount to be proven at trial.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendant as follows:

A.      For an order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class;

B.      For an order awarding, as appropriate, damages, restitution and/or disgorgement to Plaintiff and the Class;

C.      For an order requiring Defendant to immediately cease and desist from selling its Products in violation of applicable law; enjoining Defendant from continuing to market, advertise, distribute, and sell Products in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

D.      For all remedies available pursuant to Cal. Civ. Code § 1780;

E.      For an order awarding attorneys' fees and costs;

F.      For an order awarding punitive damages;

G.      For an order awarding pre-and post-judgment interest; and

H.      For an order providing such further relief as this Court deems proper.

Dated:  November 27, 2023.

Respectfully submitted,


/s/ Ben F. Pierce Gore
Ben F. Pierce Gore
PIERCE GORE LAW FIRM, PC